UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**KRISTIN LANE FOSTER,**

        Petitioner,

v.                                          Civil No. 2:23cv99
                                            Criminal No. 2:21cr45-5

**UNITED STATES OF AMERICA,**

        Respondent.

## OPINION AND ORDER

This matter is before the Court on Kristin Lane Foster's ("Petitioner") <u>pro se</u> motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. ECF No. 196. Relying on language in her plea agreement, Petitioner contends that her sentence is excessive, erroneous, and reflects the Government's failure to abide by the terms of her plea agreement. Because Petitioner's claims fail on the merits, Petitioner's motion is **DENIED**.

### I. BACKGROUND

In November of 2020, Virginia Beach Police conducted multiple controlled purchases of methamphetamine and fentanyl from Petitioner. ECF No. 88, at 2-3. In light of this conduct, a grand jury returned a nine-count indictment against Petitioner, charging her with five counts of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); three counts of

distributing fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and one count of conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, commonly known as "ice," and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and (b)(1)(B) ("Count One"). ECF No. 3, at 4, 8-11.

On November 12, 2021, Petitioner pled guilty, pursuant to a written plea agreement, to Count One. ECF No. 86, at 1. Notably, the first page of the plea agreement expressly informed Petitioner that Count One carries "a mandatory minimum term of imprisonment of 10 years." Id. In exchange for pleading guilty, the Government agreed to dismiss the remaining counts of the indictment and further "agree[d] that it will not file an information with the Court, pursuant to 21 U.S.C. § 851, stating the defendant's prior conviction for a felony drug offense." Id. at 5.

During her plea colloquy, Petitioner testified that she reviewed the plea agreement with her attorney. ECF No. 203, at 12. The Court then advised Petitioner of the applicable ten-year mandatory minimum:

> Q. Do you understand that there is a mandatory minimum sentence in this case of 10 years?
>
> A. Yes.
>
> Q. So do you understand this is what a mandatory minimum means: I may think you are as saintly as Mother Teresa

2

> at the end of this case, but you still have to get a sentence of 10 years. Do you understand that?
>
> A. Yes, sir.

ECF No. 203, at 16. After this exchange, Petitioner entered her plea of guilty as to Count One. Id. at 24.

Following her plea of guilty, a presentence investigation report ("PSR") was prepared. Based on her conduct and criminal record, including a prior felony drug trafficking conviction, Petitioner had an Offense Level of 27 and a Criminal History Category III. ECF No. 131, at 12-13, 16. The resulting advisory Guideline range would have been 87-108 months, but because Count One carried a statutory mandatory minimum of ten years, her advisory Guideline range was "restricted" to 120 months. Id. at 12, 24; see U.S.S.G. ch. 5, pt. A (table) (2021). Stated a little differently, due to the statutory mandatory minimum, the "restricted" Guideline range reflected the fact that the Court lacked authority to impose a sentence lower than 120 months.

At sentencing, both parties recommended that Petitioner receive the mandatory minimum sentence of 120 months' imprisonment followed by five years of supervised release. ECF No. 134, at 2; ECF No. 129, at 1. Consistent with these recommendations, the Court sentenced Petitioner to 120 months' imprisonment followed by

3

five years of supervised release. ECF No. 145, at 2-3. Petitioner did not directly appeal her conviction or sentence.[1]

Petitioner timely filed the instant § 2255 motion challenging her Guidelines calculation and sentence. ECF No. 196. The Government filed a brief in opposition, ECF No. 208, and Plaintiff did not file a reply.

## II. STANDARD OF REVIEW

A federal prisoner may move to set aside a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or [the sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A non-constitutional error generally may serve as a basis for collateral attack only when it involves "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (internal quotation marks omitted); see United States v. Newbold, 791 F.3d 455, 459 (4th Cir. 2015).

Ordinarily, the Court's review is further limited by the doctrine of procedural default. When a petitioner collaterally attacks a conviction or sentence based upon claims that could have

---

[1] Petitioner's plea agreement included a waiver of her right to directly appeal her conviction and sentence. ECF No. 86, at 4.

4

been but were not raised on direct appeal, then the Court is barred from reaching the merits of any such claim unless the petitioner can first demonstrate "cause" excusing the failure to directly appeal the alleged error, and "actual prejudice" as a result. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).[2]

Cause to excuse a procedural default "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493) (internal quotation marks omitted). A valid appeal waiver, however, cannot constitute cause. See United States v. Jones, No. 94-6209, 1995 WL 321263, at *1 (4th Cir. May 30, 1995) (per curiam); see also United States v. Smith, 113 F. Supp. 2d 879, 898 (E.D. Va. 1999); United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995). As for prejudice, a petitioner must demonstrate that the alleged errors caused "actual and substantial disadvantage," infecting the entire criminal proceeding with an "error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 166 (1982).

---

[2] If a petitioner cannot show cause and prejudice to excuse procedural default, they can rely on a showing of "actual innocence" to excuse their default in limited circumstances. See Mikalajunas, 186 F.3d at 494-95; United States v. Foote, 784 F.3d 931, 941 (4th Cir. 2015).

5

## III. DISCUSSION

Petitioner seeks a reduced sentence based on three claims: (1) her sentence is "excessive based on [the] Sentencing Guidelines;" (2) the Government agreed not to file an information relating to her prior drug trafficking conviction but did so anyway, resulting in a higher Guideline calculation; and (3) three criminal history points were erroneously added to her Guidelines calculation. ECF No. 196, 4-5, 7. Two of these claims are not cognizable on collateral review, but even if they were, all three claims nonetheless fail on the merits.[3]

The United States Court of Appeals for the Fourth Circuit has explained that "[t]he language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review . . . only those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." Foote, 784 F.3d at 932 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). A fundamental defect is such

---

[3] Technically, each claim is also procedurally defaulted. But procedural default "is not a jurisdictional matter;" rather, it is "a defense that the [government] is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter." Trest v Cain, 522 U.S. 87, 89 (1997) (internal quotation marks and citations omitted). Though the Government's opening brief accurately described the rules concerning procedural default, it does not apply those rules to any of Petitioner's claims. See ECF No. 208, at 5-8; see also Grayson O Co. v. Agadir Int'l LLC, 856 F.3d 307, 316 (4th Cir. 2017) (explaining that a party waives an argument "by failing to develop its argument — even if its brief takes a passing shot at the issue") (internal quotation marks and alterations omitted). Thus, the Government has waived the argument that Petitioner procedurally defaulted her claims.

that "the need for the remedy afforded by the writ of habeas corpus is apparent." Hill v. United States, 368 U.S. 424, 428 (1962) (internal quotation marks omitted). Unsurprisingly, this is a "remarkably high bar" to meet. Foote, 784 F.3d at 936. And barring "extraordinary circumstances," misapplication of the sentencing guidelines does not constitute a fundamental defect. See id. at 939; United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). Considered against this framework, Petitioner's allegations of an excessive sentence and miscalculated Criminal History amount to general allegations of sentence miscalculation which are not cognizable in a § 2255 proceeding. See Pregent, 190 F.3d at 284; Foote, 784 F.3d at 939.

But even assuming, for the sake of argument, that all of Petitioner's claims are cognizable on collateral review, each claim nonetheless fails on the merits. Taking her claims in the order in which she presents them, Petitioner first argues that her 120-month sentence is excessive based on the Sentencing Guidelines. ECF No. 196, at 4. She explains that she "signed a plea [agreement] . . . under the belief that an allowance would be made based on my acceptance of responsibility and in the form of a reduction in my criminal history points." Id. Neither argument is persuasive.

Petitioner did receive a three-level reduction to her Guideline offense level for acceptance of responsibility. ECF No.

7

131, at 12. Had she not, she would have had an Offense Level of 30 and a Criminal History Category III, which would have generated a sentencing range of 121-150 months' imprisonment. U.S.S.G. ch. 5, pt. A (table) (2021). But with the benefit of the three-level reduction for acceptance of responsibility, Petitioner's Guideline range was 120 months.

Furthermore, as noted by the Government, Petitioner received the lowest sentence that the Court could lawfully impose. ECF No. 208, at 6. Any change in her Criminal History Category from the alleged misallocation of Criminal History points could not have changed her ultimate sentence.[4] See U.S.S.G. § 5G1.1 (noting that "a statutorily required minimum sentence" will restrict the advisory Guideline range if that range is lower than the required minimum sentence). Accordingly, this claim fails on the merits.

Petitioner next claims that the Government "agreed not to file an information" relating to her prior felony drug trafficking offense. ECF No. 196, at 5. To provide some necessary background, as explained above, the drug trafficking offense charged in Count One includes a statutorily mandated minimum sentence of ten years' imprisonment. 21 U.S.C. § 841(b)(1)(A). But the same statute provides that if a defendant has a prior qualifying drug

---

[4] And as discussed below, Petitioner's Criminal History Category was not erroneously calculated.

8

trafficking conviction, then the mandatory minimum punishment is increased to fifteen years' imprisonment. Id. This enhanced punishment, however, is only triggered if the Government files an "information" certifying the prior conviction. See 21 U.S.C. § 851(a). In Petitioner's plea agreement, the Government expressly agreed not to file an information under 21 U.S.C. § 851. ECF No. 86, at 5. Put differently, the Government agreed not to pursue the available statutory enhancement, so the default ten-year mandatory minimum applied.

Petitioner's § 2255 motion appears to argue that because she accrued Criminal History points under the Sentencing Guidelines based on her prior drug trafficking conviction, the Government violated the terms of her plea agreement. See ECF No. 196, at 5. But Petitioner is mistaken. Consistent with her plea agreement, the Government never filed an information under 21 U.S.C. § 851, and the Court did not apply an enhanced statutory punishment. Though Petitioner's prior drug trafficking conviction was included in the calculation of her Criminal History Category, that was beyond the scope of her agreement with the Government. Accordingly, this claim likewise fails on the merits.

Finally, Petitioner claims that the three Criminal History points attributed to her based on her prior drug trafficking conviction should not have been applied. ECF No. 196, at 7. This argument, however, appears to largely be an extension of her second

9

claim, and it fails similarly on the merits. As explained above, the Government made no agreement with Petitioner regarding the calculation of her Criminal History Category. See ECF No. 208, at 7-8. Accordingly, three Criminal History points were not erroneously applied, and this claim fails on the merits.[5]

## IV. CONCLUSION

Because Petitioner's claims fail on the merits, her § 2255 motion is **DENIED**. ECF No. 196. Finding that the basis for denying Petitioner's § 2255 motion is not debatable, a certificate of appealability ("COA") is **DENIED**. 28 U.S.C. § 2253(c); see Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a COA is denied by this Court, she may seek a COA from the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a COA from the Fourth Circuit, she must do so **within sixty (60) days** from the date of this Opinion and Order. Petitioner may seek a COA by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

---

[5] Moreover, even if Petitioner's Guideline range were recalculated based on a lower Criminal History Category, the restricted Guideline range would be the same: 120 months.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to Petitioner and to counsel for the Government.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 2, 2023

11